JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 10-1824-JST (MLGx)                               Date:  February 4, 2011
Title:  HSBC Bank USA et al. v. Jeane Giannakakos

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

   Nancy Boehme for
   Ellen Matheson                              N/A
   Deputy Clerk                               Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                                  Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER REMANDING CASE FOR LACK
OF SUBJECT MATTER JURISDICTION**

      On December 1, 2010, Defendant Jeane Giannakakos filed a Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1443 (Doc. 1), seeking to remove an unlawful detainer action filed against her by Plaintiff HSBC Bank USA in Orange County Superior Court.  This case was previously remanded by the Honorable David O. Carter.  *See HSBC Bank USA v. Jeane Giannakakos*, SACV 10-518-DOC (SHx).

      When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

      Here, Defendant's removal is procedurally and substantively defective.  First, Defendant did not file her Notice of Removal within thirty days of receiving the complaint.  *See* 28 U.S.C. § 1446(b).  Second, Defendant failed to attach a copy of the complaint to her Notice of Removal.  *See* 28 U.S.C. § 1446(a).  Third, Defendant has not established that federal subject matter jurisdiction exists.  Removal under section

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 10-1824-JST (MLGx)                         Date:  February 4, 2011

Title:  HSBC Bank USA et al. v. Jeane Giannakakos

1332 is improper because Defendant fails to allege the citizenship of the parties or the amount in controversy.  Defendant likewise fails to show that removal under section 1443 is appropriate, as she has not demonstrated that she will be denied a civil right in the Orange County Superior Court.  *State of Ga. v. Rachel*, 384 U.S. 780, 788 (1966).  Finally, as this is an unlawful detainer action, a federal question does not present itself.  *See IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337, 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (sua sponte remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *Galileo Fi. v. Miin Sun Park*, No. EDCV 09-1660, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.  Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.").

For these reasons, the Court lacks subject matter jurisdiction to hear this action, and REMANDS the case to Orange County Superior Court.

Initials of Preparer:  <u>nkb</u>